UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MIKE MASON,<br>  *Plaintiff*<br><br>v.<br><br>COVERT AUTO, INC., CHRIS<br>CANNATTI, and DAN COVERT,<br>  *Defendants* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Case No. 1:21-cv-01070-RP |

## ORDER

Before the Court are Plaintiff Mike Mason's Motion to Compel and Incorporated Brief, filed August 24, 2022 (Dkt. 26); Defendant's Response to Plaintiff's Motion to Compel Responses to Written Discovery, filed September 7, 2022 (Dkt. 28); and Defendant's Motion to Extend Deadline to Respond to Plaintiff's Motion to Compel Responses to Written Discovery, filed August 31, 2022 (Dkt. 27).[1]

### I.  Defendant's Motion for Extension of Time to Respond

In its Motion to Extend Deadline, Covert Auto, Inc. ("Defendant") requested a one-week extension of the August 24, 2022 deadline to respond to Plaintiff's Motion to Compel, until September 7, 2022. Defendant's Motion does not indicate whether it is opposed and lacks the certificate of conference required by Local Rule CV-7(g). The Court could deny Defendant's Motion on that basis. *Id.* Because Plaintiff did not file a response within the prescribed seven-day time period, however, the Court grants Defendant's Motion to Extend Deadline as unopposed. Local Rule CV-7(d)(2).

---

[1] By Text Order entered September 7, 2022, the District Court referred Plaintiff's Motion to Compel and related filings to the undersigned Magistrate Judge for resolution, pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas ("Local Rules").

## II. Plaintiff's Motion to Compel

In his Motion to Compel, Plaintiff asks the Court to order Defendant "to immediately answer or otherwise respond to the Plaintiff's Interrogatories and Requests for Production of Documents without objections." Dkt. 26 at 3-4. Defendant opposes Plaintiff's Motion.

## III. Legal Standard

Under Federal Rule of Civil Procedure 26(b)(1), parties may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Generally, the scope of discovery is broad. *Crosby v. La. Health Serv. & Indem. Co.*, 647 F.3d 258, 262 (5th Cir. 2011). "A discovery request is relevant when the request seeks admissible evidence or 'is reasonably calculated to lead to the discovery of admissible evidence.'" *Id.* (quoting *Wiwa v. Royal Dutch Petrol. Co.*, 392 F.3d 812, 820 (5th Cir. 2004)).

After a party has attempted in good faith to obtain discovery without court action, that party may move for an order compelling disclosure or discovery. FED. R. CIV. P. 37(a)(1). "The Court must balance the need for discovery by the requesting party and the relevance of the discovery to the case against the harm, prejudice, or burden to the other party." *Cmedia, LLC v. LifeKey Healthcare, LLC*, 216 F.R.D. 387, 389 (N.D. Tex. 2003) (quoting *Truswal Sys. Corp. v. Hydro-Air Eng'g, Inc.*, 813 F.2d 1207, 1210 (Fed. Cir. 1987)).

## IV. Analysis

Plaintiff served his First Set of Interrogatories and Requests for Production to Defendant on July 14, 2022. Dkt. 26-1. Instead of responding, on July 26, 2022, Defendant sent Plaintiff a letter complaining that: "You have submitted discovery demands where interrogatories and requests for production of documents have been placed together in one sole document with no particular pattern which creates an unduly unreasonable burden on our client to respond to these." Dkt. 26-2 at 1.

Defendant asked Plaintiff to provide his interrogatories separate from his requests for production, after which "the time to respond to these discovery requests will begin to run." *Id.* Plaintiff declines. *See* Dkt. 26.

In its Response to Plaintiff's Motion to Compel, Defendant cites opinions from other district courts – including courts within the Fifth Circuit – that explain clearly why it is inappropriate to combine interrogatories and requests for production under Rules 33 and 34 (and 36).

> The Federal Rules of Civil Procedure provide three different rules for interrogatories, requests for production of documents and requests for admissions, with different methods in each rule for propounding, responding to and compelling responses to each type of discovery. The Federal Rules also limit the number of interrogatories that may be served without leave of court. Plaintiffs' odd procedure of mixing the three types of discovery requests together makes it difficult for the parties to ensure that plaintiffs have complied with the rules concerning each type of discovery, for defendant to respond appropriately and for the court to address plaintiffs' motion to compel in an orderly fashion.

*Dickie Brennan & Co. v. Lexington Ins. Co.*, No. 09-3866, 2010 WL 11538525, at *1 (E.D. La. Feb. 10, 2010).

The Court agrees that the format of Plaintiff's first set of interrogatories and requests for production is needlessly confusing. Plaintiff must "refrain from this odd practice in the future." *Alfaro v. Nat'l R.R. Passenger Corp.*, No. 10-1912, 2012 WL 262580, at *1 (E.D. La. Jan. 30, 2012). Specifically, any future sets of interrogatories, requests for production, and requests for admission must be propounded in discrete documents by type of request.

Nevertheless, the Court finds that it will not be unreasonably burdensome for Defendant to respond to Plaintiff's First Set of Interrogatories and Requests for Production to Defendant Covert Auto (Dkt. 26-1). These requests are fairly limited in number, comprising fourteen interrogatories and twenty-two requests for production, which are numbered sequentially although intermingled.

## V.  Conclusion

The Court concludes by observing that the parties have several months remaining in their discovery period. Counsel are instructed to review Local Rule CV-7(g) and admonished of their obligation to confer in good faith and attempt to resolve any future issues promptly and amicably, without the need for judicial intervention. *Collins v. Easynews, Inc.*, No. A-06-CA-451-LY, 2007 WL 9701619, at *2 (W.D. Tex. May 17, 2007); *see also, e.g.*, FED. R. CIV. P. 1 (stating that rules should be employed by court and parties "to secure the just, speedy, and inexpensive determination of every action and proceeding"); *McCallum v. Camping World, Inc.*, 2019 WL 9197839, at *1 n.1 (W.D. Tex. Dec. 17, 2019) (Garcia, C.J.) (explaining that "good faith" requirement of Local Rule CV-7 "requires two-way communication which is necessary to genuinely discuss any issues and to avoid judicial recourse").

## VI.  Order

Based on the foregoing, Defendant's Motion to Extend Deadline to Respond to Plaintiff's Motion to Compel Responses to Written Discovery (Dkt. 27) is **GRANTED**.

Plaintiff's Motion to Compel and Incorporated Brief (Dkt. 26) is **GRANTED IN PART and DENIED IN PART**.

Defendant Covert Auto, Inc. is **ORDERED** to serve its responses to Plaintiff's First Set of Interrogatories and Requests for Production to Defendant Covert Auto by **October 7, 2022**. At its option, Defendant may separate its responses to Plaintiff's (1) interrogatories and (2) requests for production into two different documents.

Plaintiff Mike Mason is **ORDERED** to cease intermingling different types of discovery requests within one document.

Any relief not expressly granted in this order is hereby **DENIED**.

5

It is **FURTHER ORDERED** that this case be **REMOVED** from the undersigned Magistrate Judge's docket and **RETURNED** to the docket of the Honorable Robert Pitman.

**SIGNED** on September 8, 2022.

                                        SUSAN HIGHTOWER
                                      UNITED STATES MAGISTRATE JUDGE